**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RODNEY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-cv-8872 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| LEXISNEXIS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion to dismiss Plaintiff's complaint [6]. For the reasons stated below, the Court grants the motion and dismisses Plaintiff's complaint without prejudice. Plaintiff may file an amended complaint within 28 days of the date of this order.

**I.   Background**

**A.   Complaint**

*Pro se* Plaintiff Rodney Smith sued Defendant LexisNexis for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

Plaintiff's concise complaint, which the Court construes liberally, see *McCormick v. City of Chi.*, 230 F.3d 319, 325 (7th Cir. 2000), alleges that Defendant obtained his consumer credit report from Experian and Trans Union without permissible purpose on six occasions in 2010 and 2011. Specifically, the complaint alleges that:

- On April 27, 2010, Defendant obtained Plaintiff's consumer credit report from Experian on behalf of State Farm Insurance, [1] ¶ 12, and from Trans Union on behalf of Hartford Insurance, *id.* ¶ 13, without permissible purpose.

1

- On March 4, 2011, Defendant obtained Plaintiff's consumer credit report from Experian on behalf of Safeco Insurance, *id.* ¶ 9, P&C Insurance, *id.* ¶ 10, and Balboa Insurance, *id.* ¶ 11, without permissible purpose.

- On March 14, 2011, Defendant obtained Plaintiff's consumer credit report from Experian on behalf of State Farm Insurance without permissible purpose. *Id.* ¶ 12.

The complaint alleges that each of these incidents constituted a negligent violation of 15 U.S.C. § 1681b(f) and/or unspecified provisions of the FDCPA. Plaintiff demands damages in the amount of $1000 for each alleged violation, as well as attorneys' fees and costs.

### B. Motion to Dismiss

Defendant moved to dismiss Plaintiff's complaint. See [6]. Defendant contends that Plaintiff's complaint fails to plead sufficient facts to sustain either an FCRA or FDCPA claim and that the complaint fails to identify any provision of the FDCPA that Defendant violated. See *id.*

### C. Plaintiff's Response Briefs

Plaintiff filed two briefs opposing Defendant's motion to dismiss. See [10], [21]. These briefs contain the following additional facts and allegations. Plaintiff disputed the credit report entries at issue here with Experian in June 2012. [10] at 1; [21] at 1.[1] "Experian responded by conducting their own investigation and returned a new updated report to Plaintiff dated July 27, 2012 indicating those disputed inquiries as being removed." [21] at 1. On July 27, 2012, Plaintiff mailed a certified letter to Defendant, disputing the inquiries in compliance with Defendant's procedures. *Id.* at 2. Defendant responded on August 8, 2012, stating that written authorization is not required when a report is furnished for the purpose of underwriting insurance on a consumer. *Id.* Plaintiff contends that this response was unsatisfactory, as his "complaint was never properly

---

[1] Neither the complaint nor Plaintiff's briefs indicate whether he ever contacted Trans Union.

2

investigated nor assigned to any LexisNexis customer service agent to perform at best a minimal investigation." *Id.* He further alleges that "Defendant never provided [him] with the specific company that initiated the inquiry into my credit profile despite several dispute letters being sent." *Id.* Defendant continued its alleged intransigence even after Plaintiff sent it another certified letter on October 9, 2012, initiated this lawsuit on November 6, 2012, and followed up with a third certified letter on November 7, 2012. See *id.* After Defendant moved to dismiss the suit, Plaintiff on January 7, 2013 sent Defendant a fourth certified letter in which he outlined "in detail" his lack of knowledge of ever seeking an insurance quote from any of the companies named in the disputed inquiries. *Id.* at 3. Plaintiff also conducted his own investigation, which revealed that Balboa Insurance does not provide commercial or personal automobile insurance and netted a letter from P&C Insurance stating that it never "pulled" Plaintiff's credit or had an active file on him. See *id.*

In the briefs – but not in his complaint – Plaintiff alleges that Defendant violated 15 U.S.C. § 1681*i*, which requires consumer reporting agencies to conduct a "reasonable investigation" when a consumer notifies them of any disputes with information contained in the consumer's file. See generally [10]; [21]. Plaintiff's second brief further alleges that Defendant violated the FCRA "willfully or negligently," [21] at 5, and identifies the provisions of the FDCPA that Defendant allegedly violated: 15 U.S.C. §§ 1692c(b), 1692e(8), 1692e(10), 1692g(a)(4), 1692g(a)(5), and 1692g(b).

  **D.**  **Defendant's Reply Brief**

In its reply brief [24], Defendant reiterates its arguments that Plaintiff's complaint lacks sufficient factual support to state a claim under either the FCRA or the FDCPA. Defendant contends that the purported facts and evidence submitted in Plaintiff's response briefs are

3

irrelevant and inapplicable, but nonetheless states that it has "no objection to the Court considering matters outside the pleadings and treating the motion to dismiss as a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure," [24] at 3, provided that it is also permitted to submit its evidence.

## II. Discussion

### A. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "'fair notice of what the * * * claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Although "[s]pecific facts are not necessary [–] the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original) – "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Brooks*, 578 F.3d at 581 (quoting *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

The Court accepts as true all well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn from them. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). Moreover, in reviewing a *pro se* complaint, the Court employs standards less stringent than if the complaint had been drafted by counsel. *Curtis v. Bembenek*, 48 F.3d 281, 283 (7th Cir. 1995).

  **B. Analysis**

    **1. Additional Facts and Allegations in Plaintiff's Briefs**

As a threshold issue, the Court must decide whether to consider the additional facts, evidence, and allegations presented in Plaintiff's briefs opposing the motion to dismiss. Defendant correctly observes that Federal Rule of Civil Procedure 12(d) provides that

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

The Seventh Circuit has held that plaintiffs may add additional facts in their response to a motion to dismiss if "the facts are consistent with the allegations of the complaint." *Help At*

5

*Home, Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 753 (7th Cir. 2001); see also *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1037 (7th Cir. 2012). Here, the facts that Plaintiff sets forth in his briefs fit that bill. In light of Plaintiff's *pro se* status, and the consistency of the facts in the briefs with the allegations in the complaint, the Court considers these facts in evaluating the motion to dismiss.

The Court does not, however, consider the new allegations that Plaintiff raises for the first time in his response briefs. The Seventh Circuit has deemed it an "axiomatic rule that a plaintiff may not amend his complaint in his response brief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011); see also *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) ("[I]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (quotation omitted)). If Plaintiff wishes to pursue his allegations that Defendant violated 15 U.S.C. § 1681*i*, violated any provision of the FCRA willfully, or violated 15 U.S.C. §§ 1692c(b), 1692e(8), 1692e(10), 1692g(a)(4), 1692g(a)(5), and/or 1692g(b), and believes he can do so in conformance with Federal Rule of Civil Procedure 11 and the remainder of this order, he may amend his complaint within 28 days of this order.

### 2. FCRA Claim (Count I)

Plaintiff's complaint alleges that Defendant negligently violated 15 U.S.C. § 1681b(f) by obtaining his credit report without a permissible purpose. See [1] ¶ 17. Although the complaint provides the dates of the alleged infractions, it is completely devoid of any other facts pertaining to the alleged conduct or the damages Plaintiff incurred as a result. Although "[s]pecific facts are not necessary [–] the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing

6

*Twombly*, 550 U.S. at 555) (ellipsis in original) – "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Brooks*, 578 F.3d at 581 (quoting *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)). The complaint here, even when read generously, is beyond that point. It consists almost exclusively of conclusory allegations that Defendant improperly obtained Plaintiff's consumer credit report, which without more is insufficient to state a claim. See *Fong v. Client Services, Inc.*, 2012 WL 2061624, at *2 (N.D. Ill. June 6, 2012). For instance, Plaintiff "has not provided even the slenderest of allegations to buttress the conclusion that he suffered actual damages in support of a theory of negligent violation under § 1681*o*(a)(1)," such as by alleging "that he was denied or lost credit or was subjected to a higher interest rate" as a result of Defendant's improper acquisition of his credit report. *Novak v. Experian Info. Sol'ns, Inc.*, 782 F. Supp. 2d 617, 623 (N.D. Ill. 2011).

The additional facts contained in Plaintiff's response briefs do little to remedy this infirmity, as they primarily pertain to Plaintiff's apparent additional – but as yet unasserted – claim that Defendant violated 15 U.S.C. § 1681*i* by failing to adequately respond to his communications about the disputed credit report entries. The response briefs do allege that "Plaintiff at no time had business dealings with any of the companies in question, nor requested an insurance quote, nor received an offer of any kind from these companies in the mail," [21] at 4, which is pertinent to Plaintiff's § 1681b(f) claim, but they do not place Defendant on notice of Plaintiff's alleged actual damages. See *Novak*, 782 F. Supp. at 623.

The Court grants Defendant's motion to dismiss Count I.

### 3. FDCPA Claim (Count II)

Plaintiff also alleges that Defendant violated the FDCPA when it accessed his consumer credit report. The FDCPA aims to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Plaintiff's complaint alleges that he is a "consumer" within the meaning of the FDCPA, see 15 U.S.C. § 1692a(3), but does not contain any allegations as to any debt that he may or may not owe, Defendant's status as a "debt collector," or any communications between Plaintiff and Defendant. It likewise is devoid of any suggestion as to which provision(s) of the FDCPA Defendant allegedly violated, depriving Defendant of the minimal notice to which it is entitled by Federal Rule of Civil Procedure 8.

Even if the Court were to take into account the allegations and theories asserted in Plaintiff's response briefs, Plaintiff's complaint still would fail to state a claim under the FDCPA because he concedes that Defendant is not a "debt collector." See [21] at 7. Only defendants who are found to be "debt collectors" as defined in 15 U.S.C. § 1692a(6) are subject to civil liability under the FDCPA. See 15 U.S.C. § 1692k; *McKinney v. Cadleway Properties, Inc.*, 548 F.3d 496, 500 (7th Cir. 2008).

The Court grants Defendant's motion to dismiss Count II.

### III. Conclusion

For the reasons stated above, Plaintiff's complaint fails to state a claim under either the FCRA or the FDCPA. Defendant's motion to dismiss [6] is granted, and Plaintiff's complaint is dismissed without prejudice. Given Plaintiff's *pro se* status, the Court gives him 28 days in which to file an amended complaint if he feels that he can (1) cure the deficiencies identified

above or (2) state an additional claim (or claims) beyond those amended Counts I and II of the initial complaint, and (3) can do so in accordance with Federal Rule of Civil Procedure 11. Plaintiff is advised that the amended complaint, if filed, must stand on its own, without reference to the previous complaint. Plaintiff may consider seeking the aid of the Pro Se Assistance Program. The Pro Se Assistance Program operates by in-person appointment only. Appointments may be made at the Clerk's Intake Desk or by calling (312) 435-5691.

Dated: May 22, 2013

_____
Robert M. Dow, Jr.
United States District Judge