# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RODNEY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12 CV 8872 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| LEXISNEXIS RISK SOLUTIONS, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Rodney Smith alleges that Defendants LexisNexis Risk Solutions, Inc. ("LexisNexis") and The Hartford Financial Services Group ("Hartford") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by accessing his credit information without a permissible purpose and failing to conduct an adequate investigation in response to his queries. Defendant LexisNexis has moved to dismiss [57] Plaintiff's corrected amended complaint [36]. For the reasons stated below, the Court grants the motion in part and denies it in part.

## I.   Background

For purposes of the instant motion to dismiss, the Court construes the corrected amended complaint [36] in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all reasonable inferences in his favor. *E.g.*, *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 879 (7th Cir. 2012). In addition, because Plaintiff is proceeding *pro se*, the Court construes his corrected amended complaint liberally and holds it to a less stringent standard than if it had been drafted by a trained lawyer. See, *e.g.*, *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006); see also [81]. The Court also will consider additional facts alleged in Plaintiff's brief and attached affidavits [77], to the extent that

they are consistent with the allegations of his second amended complaint. See *Geinosky v. City of Chi.*, 675 F.3d 743, 746 n.1 (7th Cir. 2012); *Help at Home, Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752-53 (7th Cir. 2001) ("A plaintiff need not put all of the essential facts in the complaint; he may add them by affidavit or brief in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint." (quotation omitted)).

Plaintiff requested copies of his credit report ("consumer report" in FCRA parlance) from credit reporting agencies Experian and TransUnion. [36] at 2 ("Background"). The report from Experian contained entries showing that LexisNexis obtained Plaintiff's credit report on behalf of State Farm Insurance on April 27, 2010 and March 14, 2011, *id.* ¶ 43(f), and on behalf of Balboa Insurance and Safeco Insurance on March 4, 2011. *Id.* ¶¶ 43(c), (d). The TransUnion report contained entries showing that LexisNexis obtained Plaintiff's credit report on behalf of Hartford on April 27, 2010, *id.* ¶ 43(g), and on behalf of Safeco Insurance on November 28, 2012. *Id.* ¶ 43(e). Plaintiff has attached to his brief an excerpt from LexisNexis's website in which LexisNexis states that it "is considered to be a consumer reporting agency under the Fair Credit Reporting Act," [77] Ex. G; see 15 U.S.C. § 1681a(f), and that its "role is to supply information to the insurance carriers, which the carriers can review to assist them in making underwriting and rating decisions." [77] Ex. G. Plaintiff alleges that "at no time was a request for automobile insurance or any other type of insurance initiated with any of the insurance companies * * * named in this complaint and/or in general." *Id.* ¶ 18. He asserts that each of the six instances on which LexisNexis accessed his credit report on behalf of the various insurance entities constitutes a willful violation of 15 U.S.C. § 1681b(f), see *id.* ¶ 43, which prohibits the use or obtaining of consumer reports for any purpose not enumerated in 15 U.S.C. § 1681b. See *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 731 n.14 (7th Cir. 2004).

Plaintiff contacted Experian, which responded with a letter stating that it would "ask the furnisher or vendor to conduct a thorough and complete investigation to verify all of the information regarding the item[s he] disputed." [36] Ex. A. Experian further stated that if it did not hear back from the furnisher or vendor within a specified time frame, it would "update the item as you have requested or delete the information, and send you the results." *Id.* It is unclear what entities Experian contacted, or whether Plaintiff also contacted TransUnion. At least some of the disputed entries were removed from Plaintiff's credit reports, however. *Id.* at 2 ("Background") ("The result being the various inquiries from State Farm Insurance, Balboa Insurance as shown on my Experian report and Hartford Insurance as shown on my TransUnion report were disputed, then investigated and finally deleted."); see also [77] Ex. E2.

Plaintiff also attempted to obtain more detailed information about the disputed credit report entries. *Id.* at 2 ("Background"). Safeco responded to Plaintiff's inquiry by telling him that Safeco did not order credit information about him. *Id.* ¶ 20. Neither Balboa nor Hartford responded to Plaintiff's letters. *Id.* ¶¶ 22, 24.

Plaintiff contacted LexisNexis by phone on at least two separate occasions. See [77] at 5, [77] Exs. A & B. Plaintiff alleges via affidavit that the LexisNexis representative with whom he spoke told him that LexisNexis had no records of Hartford, see [77] Ex. A ¶¶ 151-67; *id.* Ex. B ¶¶ 32-36, Balboa, see [77] Ex. A ¶¶ 167-68; *id.* Ex. B ¶¶ 32-36, or Safeco, see [77] Ex. A ¶¶ 169, 189-90; *id.* Ex. B ¶¶ 32-36 ever requesting Plaintiff's consumer report. The representative also told Plaintiff that there was no record of State Farm requesting Plaintiff's consumer report on April 27, 2010. See [77] Ex. A ¶¶ 192-96. During the first conversation, the representative told Plaintiff that LexisNexis records indicated that State Farm requested Plaintiff's consumer report on March 14, 2011. See *id.* ¶¶ 118-25, 196-205. However, during the second conversation, the

3

representative told Plaintiff that he did not see anything related to credit for State Farm on that date either. See *id.* Ex. B ¶¶ 37-38.

Plaintiff also contacted LexisNexis by certified mail on at least three separate occasions, two of which included submissions of LexisNexis's "Consumer Dispute Investigation Request" form. [36] at 2 ("Background"); *id.* ¶ 25; *id.* Exs. C & D; [77] Exs. E, E2, E3, E4. Plaintiff alleges that LexisNexis responded to him "in a written correspondence with their explanation that 'No authorization is required when a report is furnished for the purposes of underwriting insurance to a consumer.'" *Id.* ¶ 17 (emphases omitted). It is unclear from the operative complaint which query or queries LexisNexis's written correspondence was made in response to.[1] In any event, Plaintiff found LexisNexis's response unsatisfactory because he did not request insurance quotes from any of the companies listed on his report. See *id.* ¶ 18. Plaintiff also requested a copy of his consumer file from LexisNexis. [36] ¶ 13. He alleges that the file "did not reflect Balboa Insurance, Hartford Insurance." *Id.* at 2 ("Background").

Plaintiff further alleges that LexisNexis "failed to honor the numerous requests by the Plaintiff for additional information to gain clarity as to the purpose of the credit pulls and to identify the end user who acquired[,] purchased or obtained directly or indirectly Plaintiff's credit report," [36] ¶ 19 (emphasis omitted). He contends that LexisNexis "fail[ed] to properly maintain accurate records and/or content as it pertains to Plaintiff," "failed to properly investigate and reinvestigate after plaintiff submitted 2 separate Consumer Dispute Investigation Request[s]," *id.* ¶ 25, "failed in its duties to provide proper disclosures," *id.* ¶ 30, and "failed in their respective duties as a furnisher of information to either dispute the findings of Experian's

---

[1] In his brief opposing LexisNexis's motion to dismiss his original claim [21], Plaintiff alleged that he wrote to LexisNexis on July 27, 2012, and that LexisNexis responded on August 8, 2012. The Court may not consider that allegation at this time, however. See *Lance v. Betty Shabazz Int'l Charter Sch.*, 2014 WL 340092, at *1 (N.D. Ill. Jan. 29, 2014) (collecting cases standing for the proposition that an amended pleading supersedes the original pleading).

investigation and either reinsert the disputed inquiries and to update the credit information with the correct end-user of said credit information." *Id.* ¶ 33 (emphasis omitted). He seeks statutory damages of $1,000 for each alleged willful violation of the FCRA, as well as attorneys' fees and costs. LexisNexis has moved to dismiss all his claims. See [57].

## II. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "'fair notice of what the * * * claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir.1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole."). Because Plaintiff is

proceeding *pro se*, the Court construes his corrected amended complaint liberally and holds it to a less stringent standard than if it had been drafted by a trained lawyer. See, *e.g.*, *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006).

## III. Discussion

The FCRA imposes civil liability on "[a]ny person who willfully fails to comply with any requirement imposed" by the statute "with respect to any consumer." 15 U.S.C. § 1681n(a). For purposes of the FCRA, LexisNexis is a "person," see 15 U.S.C. § 1681a(b), and Plaintiff is a "consumer." *Id.* § 1681b(c). A person who "willfully fails to comply" with the FCRA is liable for "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000," as well as "such amount of punitive damages as the court may allow," and "the costs of the action together with reasonable attorney's fees as determined by the court." *Id.* §§ 1681n(a)(1)(A), (2), (3).

Plaintiff alleges violations of § 1681b(f), § 1681g, § 1681*i*, and § 1681s-2.[2] Because Plaintiff is seeking only statutory damages and has not alleged actual damages, he must plead – and ultimately prove – willfulness to recover. Compare 15 U.S.C. § 1681n with 15 U.S.C. § 1681*o*. For purposes of the FCRA, willfulness includes recklessness. See *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56-57 (2007); *Murray v. New Cingular Wireless Servs., Inc.*, 523 F.3d 719, 726 (7th Cir. 2008). LexisNexis contends that Plaintiff has failed to state a claim for a violation of § 1681b(f) because he has failed to allege facts from which it can be inferred that LexisNexis was "willful" in its alleged violations. See [57] at 9-11; [82] at 4. The Court disagrees.

Plaintiff alleges that LexisNexis was "in willful noncompliance when they pulled [his] credit report without permissible purpose," [36] ¶ 39, and "WILLFULLY violated 15 U.S.C. §

---

[2] Plaintiff cites § 1681e in his brief, see [77] at 5-6, but makes no factual allegations, either in his corrected amended complaint or brief, regarding LexisNexis's compliance procedures or the adequacy thereof.

1681b(f) by obtaining Plaintiff's consumer report" from Experian and TransUnion on multiple occasions. [36] ¶¶ 43(c)-(g). Standing alone, these conclusory allegations as to LexisNexis's mental state are insufficient to state a claim for a willful violation of § 1681b, which enumerates "permissible purposes" for which consumer reporting agencies may furnish consumer reports, § 1681b(a), and prohibits the use or acquisition of a consumer report for any purpose other than those enumerated. § 1681b(f). After *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Seventh Circuit has reiterated that "[b]are assertions of the state of mind required for the claim * * * must be supported with subsidiary facts." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 916 (7th Cir. 2013); see also *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 886 (7th Cir. 2012). Even before *Iqbal* (but after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)), the Seventh Circuit recognized that some factual detail was required to support an allegation of willfulness in the FCRA context. See *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 623 (7th Cir. 2007); see also *Smith v. Safeco Ins.*, 2013 WL 5609323, at *2-3 (N.D. Ill. Oct. 11, 2013).

However, Plaintiff alleges in his corrected amended complaint that Safeco never requested credit information about him. [36] ¶ 20. He further alleges, through his affidavits, that a LexisNexis representative told him that LexisNexis had no records of Hartford, see [77] Ex. A ¶¶ 151-67; *id.* Ex. B ¶¶ 32-36, Balboa, see [77] Ex. A ¶¶ 167-68; *id.* Ex. B ¶¶ 32-36, or Safeco, see [77] Ex. A ¶¶ 169, 189-90; *id.* Ex. B ¶¶ 32-36 ever requesting Plaintiff's consumer report. The representative also told Plaintiff that there was no record of State Farm requesting Plaintiff's consumer report on April 27, 2010, see [77] Ex. A ¶¶ 192-96, and gave Plaintiff mixed information concerning the March 14, 2011 inquiry by State Farm. See *id.* ¶¶ 118-25, 196-205; *id.* Ex. B ¶¶ 37-38. To state a claim that LexisNexis willfully violated § 1681b(f), Plaintiff needs only to allege facts that, if true, give rise to a plausible inference that LexisNexis acted willfully

7

in accessing his credit report without a permissible purpose. In the FCRA context, "willfulness" encompasses reckless disregard for the statute's requirements and is assessed objectively. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007); see also *Van Straaten v. Shell Oil Prods. Co. LLC*, 678 F.3d 486, 489 (7th Cir. 2012); *Murray v. New Cingular Wireless Servs., Inc.*, 523 F.3d 719, 725-26 (7th Cir. 2008).

Through the affidavits attached to Plaintiff's brief, he effectively alleges that LexisNexis accessed his report on specific occasions on behalf of specific entities absent any request by those entities that it do so for purposes of underwriting insurance or indeed for any purpose. Although discovery may belie Plaintiff's allegations, they must be taken as true at this stage of the case and they support a claim that LexisNexis willfully violated § 1681b(f) by accessing Plaintiff's credit report on behalf of a person that it had no "reason to believe intends to use the information in connection with the underwriting of insurance involving the consumer." 15 U.S.C. § 1681b(a)(3)(C). LexisNexis's motion is denied in part, as to Plaintiff's § 1681b(f) claims.

LexisNexis's motion is granted as to Plaintiff's § 1681g claims. Plaintiff alleges that "LexisNexis failed in its duties to provide proper disclosures according to" § 1681g(a)(3)(A), which requires consumer reporting agencies to provide on request "[i]dentification of each person (including each end-user identified under § 1681e(e)(1) of this title) that procured a consumer report – (i) for employment purposes, during the 2-year period preceding the date on which the request is made; or (ii) for any other purpose, during the 1-year period preceding the date on which the request is made." The "end-user" referred to in § 1681e(e)(1) is the ultimate recipient of a consumer report that is obtained by an intermediary for the purpose of resale. Section § 1681e(e)(1) requires a reseller of a consumer report or information contained therein to

"disclose[] to the consumer reporting agency that original furnishes the report – (A) the identity of the end-user of the report (or information); and (B) each permissible purpose under section 1681b of this title for which the report is furnished to the end-user of the report (or information)."

Plaintiff suggests that "[t]he question is who is the real end user and were they properly identified by LexisNexis on Plaintiff's credit reports." [77] at 6. However, the more pertinent question is whether the corrected amended complaint plausibly alleges that Plaintiff requested the information from LexisNexis within one year of the dates on which LexisNexis allegedly accessed his consumer report. See 15 U.S.C. § 1681g(a)(3)(A)(ii). (Plaintiff does not allege that his information was accessed for "employment purposes," which means that the report would be "used for the purpose of evaluating a consumer for employment, promotion, reassignment or retention as an employee." 15 U.S.C. § 1681a(h).) The answer to this question is "no." LexisNexis rightly points out that Plaintiff "alleges no facts showing that he requested this particular information, let alone when he requested it or how LexisNexis responded." [57] at 10. Moreover, a letter attached to Plaintiff's brief demonstrates that Plaintiff contacted LexisNexis on July 27, 2012 regarding inquiries into his consumer report on April 27, 2010, March 4, 2011, and March 14, 2011. [77] Ex. E. All of these dates precede the date of Plaintiff's request for information by more than one year. LexisNexis's motion to dismiss is granted as to Plaintiff's claims arising from violations of § 1681g(a)(3)(A).

It also is granted in part as to Plaintiff's claim that LexisNexis violated § 1681s-2 by "fail[ing] in their respective duties as a furnisher of information to either dispute the findings of Experian's investigation and either reinsert the disputed inquiries and to update the credit information with the correct **end-user** of said credit information." [36] ¶ 33. To the extent that

Plaintiff alleges violations of § 1681s-2(a) ("Duty of furnishers of information to provide accurate information"), his claims necessarily fail. Plaintiff may not recover in a private action brought pursuant to § 1681n for violations of § 1681s-2(a). See 15 U.S.C. § 1681s-2(c)(1); 15 U.S.C. § 1681s-2(d); *Purcell v. Bank of Am.*, 659 F.3d 622, 623 (7th Cir. 2011); *Perry v. First Nat'l Bank*, 459 F.3d 816, 822 (7th Cir. 2006). To the extent that Plaintiff alleges violations of § 1681s-2(b) ("Duties of furnishers of information upon notice of dispute"), LexisNexis correctly contends that he has failed to allege factual support for his conclusory allegation that LexisNexis is a "furnisher of information" within the meaning of the FCRA. See [57] at 12-13.

Section 1681s-2(b) requires a "person" that "furnishes information" to a "consumer reporting agency" to investigate any disputes "with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency," "review all relevant information provided by the consumer reporting agency pursuant to § 1681*i*(a)(2) of this title," "report the results of the investigation to the consumer reporting agency," report any findings of inaccuracies or incompleteness to all consumer reporting agencies to which the information was furnished, and, "as appropriate," modify, delete, or permanently block the reporting of inaccurate, incomplete, or unverifiable information. 15 U.S.C. § 1681bs-2(b)(1). Plaintiff alleges that LexisNexis failed to complete these steps after becoming aware of the disputed entries on Plaintiff's Experian and TransUnion reports. See generally [36]. He also alleges that LexisNexis "is a furnisher of information within the meaning of the FCRA, 15 U.S.C. § 1681s-2." [36] ¶ 42. He does not allege, however, that LexisNexis ever furnished any information to a "consumer reporting agency," which is defined as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the

purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f). To the contrary, the gravamen of Plaintiff's corrected amended complaint is that LexisNexis improperly accessed his consumer report and (presumably) passed along the information to various insurance companies. Nothing in Plaintiff's corrected amended complaint or his brief suggests that LexisNexis furnished his information to, say, Experian, TransUnion, or another entity that fits within the definition of "consumer reporting agency." See [57] at 13 ("[H]e alleges that LexisNexis obtained information *from* Experian and TransUnion."). Accordingly, the Court grants in part LexisNexis's motion to dismiss, as to Plaintiff's claims concerning § 1681s-2(b).

The Court also grants LexisNexis's motion to dismiss as to Plaintiff's § 1681*i* claims. Section 1681*i*(a)(1) provides that, "if the completeness or accuracy of any item contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly * * * of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." For purposes of the FCRA, a "file" is "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how that information is stored." 15 U.S.C. § 1681a(g). LexisNexis contends that it is not subject to § 1681*i*(a) because it is a "reseller," a "consumer reporting agency that – (1) assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies concerning any

11

customer for purposes of furnishing such information to any third party, to the extent of such activities; and (2) does not maintain a database of the assembled or merged information from which new consumer reports are produced." See 15 U.S.C. §§ 1681a(u), 1681*i*(f). It further argues that Plaintiff "was not even really disputing the 'completeness or accuracy' of the information in Experian's and TransUnion's reports. Rather, he agrees with the reports, which accurately reflect that LexisNexis obtained his credit information on behalf of the various insurance companies." [57] at 12.

LexisNexis's assertion that it is a "reseller" is akin to an affirmative defense. Complaints are not required to anticipate and attempt to plead around affirmative defenses. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). However, "[a] plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings under Rule 12(c)," which essentially "comes to the same thing as a dismissal under Rule 12(b)(6)." *Richards*, 696 F.3d at 637; see also *Brooks*, 578 F.3d at 579. Here, the allegations of Plaintiff's corrected amended complaint do not conclusively establish that LexisNexis is a "reseller" within the meaning of the FCRA. Plaintiff does not even allege in conclusory fashion that LexisNexis is (or is not) a "reseller." Accordingly, the Court will not grant the motion to dismiss on this basis.

LexisNexis is correct, though, that the allegations in Plaintiff's complaint do not concern the completeness or accuracy of his "file." Plaintiff alleges that he "requested a copy of his consumer file from Defendant LexisNexis to determine if any of the defendants were listed and if the report indicated a quote was initiated and obtained and possible the date of the alleged transaction." [36] ¶ 13. He suggests that he received the requested file, see *id.*, and alleges that the file "did not reflect Balboa Insurance, Hartford Insurance." *Id.* at 2 ("Background"). Per

Plaintiff's allegations that he had no dealings with either Balboa or Hartford, the file was accurate in this regard. Plaintiff alleges in his brief, however, that he requested his "C.L.U.E." report from LexisNexis, [77] at 6-7; the date on the report, [77] Ex. I, demonstrates that this request was made in January 2013. Plaintiff then called LexisNexis on October 30, 2013 and "expressed his concerns over the accuracy of their consumer file." [77] at 7. Specifically, Plaintiff alleges, he challenged the accuracy of an entry listing him as "*Ray, Rodney," *id.*; see also [77] Ex. I, and disputed an entry indicating that Countrywide Insurance made an inquiry about him on March 4, 2011. See [77] at 7; see also [77] Ex. I. These allegations, if true, would serve to trigger LexisNexis's duty to "reinvestigate" Plaintiff's file. Indeed, Plaintiff alleges that the LexisNexis representative that he spoke to told him that LexisNexis would do just that and invited Plaintiff to "provide him with all [Plaintiff's] previous certified letters mailed along with [Plaintiff's] other information to help him investigate why no letter was answered and no investigation took place." [77] at 7. Plaintiff does not make any allegations about what happened next, such as whether LexisNexis investigated or whether he heard back from LexisNexis within the requisite 30 days. The Court cannot from Plaintiff's silence draw the inference that LexisNexis violated § 1681*i*, or did so willfully. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (affirming dismissal of claims where plaintiffs "have not nudged their claims across the line from conceivable to plausible"). Accordingly, the Court grants LexisNexis's motion to dismiss Plaintiff's claims for violations of § 1681*i*.

IV. **Conclusion**

For the reasons stated above, LexisNexis's motion to dismiss [57] is denied in part as to Plaintiff's § 1681b(f) claims and granted in part as to the remainder of Plaintiff's claims. The dismissal is without prejudice. If Plaintiff believes that he can cure the deficiencies identified

13

above in accordance with Federal Rule of Civil Procedure 11, he may file a motion for leave to file an amended complaint within 28 days. Plaintiff should include with that motion his proposed amended complaint and an explanation of how the proposed amended complaint cures the identified deficiencies. Plaintiff is advised that an amended complaint must stand on its own, without reference to the previous complaint. Plaintiff may consider seeking the aid of the Pro Se Assistance Program. The Pro Se Assistance Program operates by in-person appointment only. Appointments may be made at the Clerk's Intake Desk or by calling (312) 435-5691.

Dated: March 5, 2014 _____
Robert M. Dow, Jr.
United States District Judge